Frederick M. Millard, OSB No. 98295
fmillard@millardlaw.com
Douglas M. Bragg, OSB No. 01211
dbragg@maillardlaw.com
6650 Southwest Redwood Lane, Suite 330
Portland, Oregon 97224
Telephone: (503) 352-1991
Facsimile: (503) 924-4124

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| BRUCE and NANCY BARRONE, | ) | Case No.: |
| | ) | |
| Plaintiffs, | ) | COMPLAINT |
| | ) | |
| vs. | ) | [BREACH OF INSURANCE CONTRACT] |
| | ) | |
| MERITPLAN INSURANCE COMPANY, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

COMES NOW, Plaintiffs, Bruce and Nancy Barrone, and for their complaint against

Defendants, Meritplan Insurance Company, and allege as follows:

* * *

**GENERAL ALLEGATIONS**

1.

At all material times, Plaintiffs were the fee simple owners of residential real property

located at 30140 NE Benjamin Road in Newberg, Oregon, which was the Plaintiffs' primary

residence ("Property").

Millard & Bragg, Attorneys at Law PC
6650 SW Redwood Lane; Ste. 330
Portland, OR 97224
503-352-1991  Fax 503-924-4124

x:\clients\barrone, bruce and
nancy\litigation\complaint.doc

2.

At all material times, Defendant, Meritplan Insurance Company ("Meritplan"), was a Foreign Business Corporation, incorporated in the State of California and authorized to, and actually transacting insurance business in the State of Oregon.

3.

The controversy between Plaintiffs and Defendant is a controversy between business entities whose principal places of business are located in different states.

4.

The amount in controversy is in excess of $75,000, exclusive of interest and costs, and is one in which complete diversity exists between Plaintiffs and Defendant.

5.

This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. §1332.

6.

At all material times, Defendant had an insurance policy, numbered 4800-0100 (the "Policy"), that protected Plaintiffs against losses related to damage to the Property as a loss payee or third-party beneficiary.

7.

On May 17, 2012, while the Policy was in force, the Property was significantly damaged by a fire.

8.

As a result of the fire, Plaintiffs suffered significant damages that were covered under the Policy.

/// /// ///

Millard & Bragg, Attorneys at Law PC
6650 SW Redwood Lane; Ste. 330
Portland, OR 97224
503-352-1991  Fax 503-924-4124

9.

On or about June 5, 2012, Defendant sent an adjuster to evaluate Plaintiff's loss. The adjuster was an agent of Defendant, acting on its behalf. Upon information and belief, the adjuster sent was not an experienced contractor or an individual with sufficient construction or restoration training and experience to be qualified to ascertain the value of Plaintiff's loss. Moreoever, upon information and belief, Defendant's adjuster had insufficient time available to adequately examine Plaintiff's loss prior to reporting the value of the loss to Defendant.

10.

On or about  May 3, 2013, Plaintiffs submitted a supplemental repair estimate to Defendant setting out an estimated repair of approximately $113,000.00 for the value of Plaintiff's fire loss, as determined by Plaintiff's construction expert.  On or about August 2, 2013, Plaintffs submitted a second supplemental repair estimate to Defendant prepared by a second construction expert placing the value of Plaintiffs' loss at $105,576.38.

11.

On or about September 5, 2013, Plaintiff's construction expert and Defendant's adjuster met at the Property and reviewed the Supplemental Repair Estimate submitted by Plaintiff.  During that meeting, Defendant's adjuster agreed with the majority of additional items included in Plaintiff's valuation.

12.

As of the date of this Complaint, Plaintiffs have not received any further communication from Defendant acknowledging the agreements made on or about September 5, 2013, nor additional payments as required by the insurance policy.

13.

Plaintiffs' home continues to be unrepaired following the fire loss, and is nearly uninhabitable.

/// /// ///

**Millard & Bragg, Attorneys at Law PC**
6650 SW Redwood Lane; Ste. 330
Portland, OR  97224
503-352-1991  Fax 503-924-4124

.x:\clients\barrone, bruce and nancy\litigation\complaint.doc

* * *

**FIRST CLAIM FOR RELIEF**

**COUNT 1: BREACH OF CONTRACT**

14.

Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1 through 13.

15.

At the time of the fire, there were no premiums due, and the Policy was in effect.

16.

After the fire, Plaintiffs timely notified Defendant of the fire and complied with all of the terms of the policy. Defendant assigned the claim number L12030122 to Plaintiffs' loss.

17.

Under the terms of the Policy, Plaintiffs were entitled to recover proceeds for damage to the Property, less a $1,000.00 deductible.

18.

Plaintiffs suffered $105,576.38 worth of damage to the Property that was covered under the policy.

19.

Defendant has paid $41,097.68 toward Plaintiffs' loss.

20.

Defendant has not fully compensated Plaintiffs for their losses despite being contractually obligated to make such payments. As a result, Plaintiffs have suffered damages as follows:

(a) $63,478.70 for the additional cost of repairs;

(b) An estimated $4,000.00 for electrical work, permits and fees, and engineering required to restore the home to pre-loss condition;

(c) An estimated $5,000.00 for asbestos and lead paint remediation;

/// /// ///

**Millard & Bragg, Attorneys at Law PC**
6650 SW Redwood Lane; Ste. 330
Portland, OR 97224
503-352-1991 Fax 503-924-4124

.x:\clients\barrone, bruce and nancy\litigation\complaint.doc

1

21.

2      Plaintiffs are entitled to recover prejudgment interest at the statutory rate.

3

22.

4      Plaintiffs are entitled to recover costs and attorney fees pursuant to ORS 742.061.

5

6                          **FIRST CLAIM FOR RELIEF**

7      **COUNT 2: BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR**

8                                **DEALING (CONTRACT)**

9

23.

10     Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1 through 22.

11

24.

12     Pursuant to the insurance policy, Defendant has discretion in how it investigates, adjusts and

13     pays a loss.

14

25.

15     The parties anticipated that any exercise of discretion by Defendant in performing its

16     obligations under the insurance policy in the event of loss would be consistent with Oregon law, and

17     specifically comply with the requirements of ORS 746.230.

18

26.

19     In exercising its discretion under the insurance policy, Defendant failed to comply with the

20     reasonable expectations of the parties and requirements of ORS 746.230 in the following respects:

21     (a) Failing to acknowledge and act promptly upon communications relating to claims, by

22     failing to timely respond to Plaintiff's supplemental estimate for repairs, and failing to promptly pay

23     additional amounts necessary to restore the home.

24     (b) Failing to adopt and implement reasonable standards for the prompt investigation of

25     claims, as demonstrated by Defendant's failure to have the loss properly evaluated initially, and

26     failing to promptly review and respond to Plaintiff's supplemental estimate for repairs.

Millard & Bragg, Attorneys at Law PC
6650 SW Redwood Lane; Ste. 330
Portland, OR 97224
503-352-1991 Fax 503-924-4124

x:\clients\barrone, bruce and
nancy\litigation\complaint.doc

(c) Refusing to pay claims without conducting a reasonable investigation based on all available information, as demonstrated by: 1) Defendant's failure to send an adjuster to investigate the loss with adequate training and experience to determine the value of the fire loss; 2) Defendant's failure to properly evaluate the loss; 3) Defendant's failure to properly prepare a scope of repairs to restore the home to pre-loss condition; and 4) Defendant's failure to timely respond to and make payments following agreement by Defendant's adjuster and Plaintiff's construction expert of numerous items of additional costs associated with restoring Plaintiff's loss as set out in Plaintiff's Supplemental report.

(d) Not attempting, in good faith, to promptly and equitably settle claims in which liability has become reasonably clear, by failing to pay the reasonable value of this loss so as to allow Plaintiffs to rebuild the home within the first six months following the loss as they should have been able to do, and by failing to promptly respond to Plaintiff's Supplemental estimate for repairs, continuing the needless delays.

(e) Compelling claimants to initiate litigation to recover amounts due by offering substantially less than amounts ultimately recovered in actions brought by such claimants, by delaying payment almost two months following agreement between Defendant's adjuster and Plaintiff's construction expert relating to the Supplemental Estimate of Repairs.

27.

Upon information and belief, had Defendant complied with its obligations under the insurance contract as expected by the parties, then Plaintiff would have been able to have her home restored to pre-loss condition (or at least a habitable condition) within 6 months from the fire, or no later than December 1, 2012.

/// /// ///

/// /// ///

Millard & Bragg, Attorneys at Law PC
6650 SW Redwood Lane; Ste. 330
Portland, OR 97224
503-352-1991  Fax 503-924-4124

.x:\clients\barrone, bruce and
nancy\litigation\complaint.doc

28.

Defendant failed to perform as expected under the insurance policy, and therefore, Plaintiffs did not have sufficient resources to repair their home to habitable condition.  Nor are Plaintiffs financially able to relocate or purchase a second home.  Therefore, as a direct and foreseeable result of Defendant's breach, Plaintiffs have continued to live in their fire damaged home, and continue to do so today.

29.

Plaintiffs fire damaged home is uninhabitable, no less than 50% of the overall home is no longer useable, the electrical wiring in the home cannot be used, making all of the electrical appliances in the home unuseable, the kitchen is not useable, the washing machine and dryer are unusable.

30.

As a result of Defendant's failure to exercise its discretion appropriately, Plaintiffs suffered damages as follows:

(a) $63,478.70 for the additional cost of repairs;

(b) An estimated $4,000.00 for electrical work, permits and fees, and engineering required to restore the home to pre-loss condition;

(c) An estimated $5,000 for asbestos and lead paint remediation;

(d) An estimated $10,000 in repairs associated with continued deterioration of Plaintiff's home as a result of weather;

(e) An amount to be determined at trial to cure mold intrusion caused as a result of the condition of the home;

(f) $63.00 per month from December, 2012 to present (currently $630.00) for storage of personal property until the home is repaired to allow personal property to be stored in the home;

(g) $100 per month from December, 2012 to present (currently $1,000.00) for increased

Millard & Bragg, Attorneys at Law PC
6650 SW Redwood Lane; Ste. 330
Portland, OR 97224
503-352-1991  Fax 503-924-4124

heating costs for the home due to its condition following the fire;

(h) No less than $750.00 per month from December, 2012, to present (currently $7,500.00) for loss of use of the home, due to the fact that 50% of the living space is unusable, the kitchen is not useable, the dishwasher is inoperable, the washing machine and dryer are inoperable, and due to the heating issues in winter months Plaintiffs are confined to a single bedroom.

(i) Ongoing medical expenses relating to the unhealthy conditions of the home, in an amount to be determined at trial;

(j) Pain, suffering, and emotional distress caused by living in the uninhabitable home for over 10 months in an amount to be proven at trial, but no more than $500,000.00.

(k) Other consequential damages directly related to living in an uninhabitable home from December, 2012 to present, in an amount to be proven at trial.

31.

Plaintiffs are entitled to recover prejudgment interest at the statutory rate.

32.

Plaintiffs are entitled to recover costs and attorney fees pursuant to ORS 742.061.

**SECOND CLAIM FOR RELIEF**

**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

33.

Plaintiffs reallege and incorporate by reference the allegations in paragraphs 1 through 32.

34.

Plaintiff, Nancy Barrone, is severely ill and requires the assistance of an oxygen tank. Mrs. Barrone was ill before the fire and has been using an oxygen tank for several years.

/// /// ///

Millard & Bragg, Attorneys at Law PC
6650 SW Redwood Lane; Ste. 330
Portland, OR 97224
503-352-1991 Fax 503-924-4124

.x:\clients\barrone, bruce and
nancy\litigation\complaint.doc

35.

Defendant was represented by its agent, the adjuster, who toured the remnants of Plaintiffs' home. Defendant's agent observed Mrs. Barrone's condition at this inspection and reasonably observed that Mrs. Barrone was ill and required the assistance of an oxygen tank.

36.

After it was devastated by the fire, Plaintiffs' home was in a very dangerous condition. Portions of the home are not useable and the home lacks a functioning kitchen. The home used to be heated through permanently installed electrical wall heaters, but now is heated through the use of poratable space heaters. Bad weather has exacerbated the damage to Plaintiffs' home and created mold problems that need to be remediated.

37.

Defendants' agent spent a minimal amount of time inspecting the Property after the loss. Upon information and belief, Defendant's agent was aware that Plaintiffs were still living at the Property. Moreover, despite observing that Mrs. Barrone was noticeably ill and that Plaintiffs' home was nearly uninhabitable, Defendant's agent prepared an estimate for repairs to the Property that grossly understated the value of the loss, thereby limiting the amount of proceeds under the policy and making it impossible for Plaintiffs to repair their home.

38.

Given the state of the home, the physical state of the Plaintiffs and the grossly underestimated value of repairs to the home, the Defendant and its agent's actions went beyond the bounds of socially tolerable conduct and were completely intolerable.

39.

Defendant and its agent intended to inflict severe mental and emotional distress on Plaintiffs and such distress was substantially certain to result from the Defendant and its agent's action.

/// /// ///

Millard & Bragg, Attorneys at Law PC
6650 SW Redwood Lane; Ste. 330
Portland, OR 97224
503-352-1991  Fax 503-924-4124

.x:\clients\barrone, bruce and
nancy\litigation\complaint.doc

40.

The actions of Defendant and its agent caused Plaintiffs to suffer severe mental and emotional distress that negatively impacted Plaintiff, Nancy Barrone's overall and respiratory health. Moreover, the actions of Defendant and its agent caused Plaintiffs to suffer severe mental and emotional distress in the form of depression that had to be treated with medication.

41.

As a result of Defendant's actions, Plaintiffs are entitled to recover:

(a) Ongoing medical expenses relating to the severe mental and emotional distress caused by Plaintiffs being forced to live in the unhealthy conditions of the home, in an amount to be determined at trial;

(b) Pain, suffering, and emotional distress caused by living in the uninhabitable home for over 10 months in an amount to be proven at trial, but no more than $500,000.00.

(c) Other consequential damages directly related to living in an uninhabitable home from December, 2012 to present, in an amount to be proven at trial.

(d) Punitive damages in an amount to be proven at trial.

\* \* \*

WHEREFORE, Plaintiffs, Bruce and Nancy Barrone, pray for judgment in their favor and against Defendant, Meritplan Insurance Company,  as follows:

A.  On their First Claim for Relief, Count 1: Breach of Contract, for

    a)  Damages in the amount of $72,478.70;

    b)  Prejudgment interest at the legal rate from the date damages were incurred until paid;

    c)  Attorney fees and costs; and

    d)  All other relief this Court deems proper and just.

B.  On their First Claim for Relief, Count 2: Breach of the Implied Covenant of Good Faith

Millard & Bragg, Attorneys at Law PC
6650 SW Redwood Lane; Ste. 330
Portland, OR  97224
503-352-1991  Fax 503-924-4124

x:\clients\barrone, bruce and nancy\litigation\complaint.doc

and Fair Dealing (Contract), for

    a)  Damages in the amount of $72,478.70;

    b)  Consequential damages in an amount to be proven at trial, but no less than $19,130.00;

    c)  Consequential non-economic damages not to exceed $500,000.00;

    d)  Prejudgment interest at the legal rate from the date damages were incurred until paid;

    e)  Attorney fees and costs; and

    f)  All other relief this Court deems proper and just.

C.  On their Second Claim for Relief: Intentional Infliction of Emotional Distress, for

    a)  Consequential damages in an amount to be determined at trial;

    b)  Damages for pain, suffering, and emotional distress in an amount to be proven at trial, but not more than $500,000.00.

    c)  Punitive damages in an amount fo be proven at trial;

    d)  For all other relief that this Court deems equitable and just.

Dated this ____ day of October, 2013.


*/s/ Fred Millard*
_____
Fred Millard, OSB 982959
E-mail: fmillard@millardlaw.com
Douglas Bragg, OSB 012113
E-mail: dbragg@millardlaw.com

**Of Attorneys for Plaintiff**

Page 11 –COMPLAINT

Millard & Bragg, Attorneys at Law PC
6650 SW Redwood Lane; Ste. 330
Portland, OR 97224
503-352-1991 Fax 503-924-4124

.x:\clients\barrone, bruce and
nancy\litigation\complaint.doc